1
2
3
4
5
6
7
8                          **UNITED STATES DISTRICT COURT**

9                          **CENTRAL DISTRICT OF CALIFORNIA**

10

11  KAVIN MAURICE RHODES,            )    NO. CV 08-6419-DDP(E)
                                     )
12                   Plaintiff,      )
                                     )
13      v.                           )    ORDER RE DEFENDANT ANTELOPE VALLEY
                                     )
14  R. SAILOR, et al.,               )    HOSPITAL'S MOTION TO DISMISS AND/OR
                                     )
15                   Defendants.     )    MOTION FOR JUDGMENT ON THE PLEADINGS
                                     )
16  _____)    AND MOTION TO STRIKE

17

18

19                              **BACKGROUND**

20

21      Plaintiff, a state prisoner proceeding <u>pro se</u>, filed this action

22  for damages on October 1, 2008.  Plaintiff alleges that prison

23  officials at Plaintiff's former place of incarceration, the California

24  State Prison at Lancaster ("Lancaster"), and health care providers at

25  the Antelope Valley Hospital failed to provide adequate treatment for

26  an injury to Plaintiff's hand.  Defendants are: (1) Lancaster medical

27  technical assistant R. Sailor; (2) Lancaster orthopedic surgeon Pierre

28  S. Hendricks; (3) Lancaster correctional sergeant Priest; (4) Antelope

Valley Hospital physicians John Lynn and William Gregory; (5) Antelope
Valley nurse K. Hansen; (6) two Antelope Valley Hospital employees
sued as fictitious "John Doe" Defendants; and (7) the Antelope Valley
Hospital.

On November 18, 2008, Defendant "Antelope Valley Healthcare
District, d.b.a. Antelope Valley Hospital" ("Defendant") filed a
"Motion to Dismiss and/or for Judgment on the Pleadings" ("Motion"),
pursuant to Rules 12(b)(1), 12(b)(6) and 12(c) of the Federal Rules of
Civil Procedure, accompanied by declarations and an exhibit consisting
of a copy of the Complaint.  On December 8, 2008, Plaintiff filed an
Opposition to the Motion.  On December 10, 2008, Defendant filed a
Reply.

### SUMMARY OF PLAINTIFF'S ALLEGATIONS

Plaintiff alleges that, on August 20, 2006, prison officials
transported Plaintiff to Defendant Antelope Valley Hospital for
treatment of an injury to Plaintiff's right hand (Complaint, ¶ 11,
pp. 4-5).  There, Plaintiff allegedly received X-rays (id., ¶ 12,
p. 5).  Either Defendant Lynn or Defendant Gregory allegedly told
Plaintiff that Plaintiff assertedly had sustained sprains to
Plaintiff's wrist and fourth finger (id.).  Defendant Hansen and "the
doctors" allegedly applied a cast which completely covered Plaintiff's
right hand, including Plaintiff's fourth and fifth fingers (id., ¶ 13,
p. 5).

///
///

1    Plaintiff alleges that, as Plaintiff was leaving the hospital,
2    Defendant Lynn or Defendant Gregory told Defendant Priest that
3    Plaintiff should receive follow-up care at the prison (id., ¶ 14,
4    p. 5).  Plaintiff alleges he never received such follow-up care (id.).
5
6    Plaintiff alleges that, on August 24, 2006, Plaintiff received a
7    letter from Defendant Lynn assertedly stating that the Radiology
8    Department had noted a "discrepancy" and that Plaintiff's X-ray showed
9    a "possible faint fracture" of the fifth finger of Plaintiff's right
10   hand (id., ¶ 17, pp. 5-6).  Plaintiff allegedly showed the letter to
11   Defendant Sailor, who assertedly began to shout at Plaintiff, accusing
12   Plaintiff of "whining," and stating that he, Sailor, had suffered a
13   similar injury (id., ¶¶ 19-20, p. 5).  Plaintiff allegedly filed an
14   appeal to which Plaintiff received no response, and allegedly
15   unsuccessfully sought help from other prison officials (id., ¶¶ 21-22,
16   pp. 6-7).  Plaintiff alleges that Defendant Hendricks finally saw
17   Plaintiff on October 26, 2006 (id., ¶ 25, pp. 7-8).  Plaintiff alleges
18   that, when the cast was removed, Plaintiff assertedly discovered that
19   his fifth finger had been broken and had healed inside the cast
20   "severely deformed" (id., ¶¶ 26-27, p. 8).  Plaintiff alleges that the
21   alleged deformity makes it difficult to write (id., ¶ 27, p. 8).
22
23   Defendant Hendricks allegedly scheduled Plaintiff for corrective
24   surgery, but Plaintiff assertedly declined the surgery, supposedly
25   believing it would interfere with Plaintiff's ability to meet
26   deadlines in a case Plaintiff was prosecuting (id., ¶¶ 28-39, p. 8).
27   On February 9, 2007, prison doctors not named as Defendants allegedly
28   told Plaintiff that the corrective surgery was elective because it

3

1  could be done at any time (id., ¶ 32, p. 9).

2

3      The Complaint contains ten Claims for relief, styled "causes of

4  action."  Plaintiff names Defendant Antelope Valley Hospital as a

5  Defendant only as to Claims Nine and Ten.  Claim Nine, titled

6  "Professional Negligence," alleges that Defendant is a state actor

7  under contract with the State of California to provide medical

8  services to indigent prisoners, and that Defendant Hansen negligently

9  misapplied the cast to Plaintiff's hand (Complaint, p. 13).  Claim

10 Ten, also titled "Professional Negligence," alleges that Defendant

11 Antelope Valley Hospital negligently failed to obtain Plaintiff's

12 informed consent to treatment (id.).

13

14                          **PARTIES' CONTENTIONS**

15

16     Defendant contends the Court lacks jurisdiction over Plaintiff's

17 state tort claims against Defendant because Plaintiff allegedly has

18 failed to comply with the claims presentation requirements of

19 California's Government Claims Act, California Government Code section

20 900 et seq.[1]  In support of this argument, Defendant submits the

21 declaration of Troy A. Schell, Defendant's Vice-President and General

22 Counsel ("Schell Dec.").  Mr. Schell states that Defendant is a

23 "healthcare district" (Schell Dec., ¶ 2).  Mr. Schell further states

24 that he has reviewed Defendant's records and that those records do not

25 _____

26      [1]   The California Supreme Court has ruled that the name
   "Government Claims Act" is a more appropriate title for the
27 statute than the traditional appellation "Tort Claims Act."  City
   of Stockton v. Superior Court, 42 Cal. 4th 730, 741-42, 68 Cal.
28 Rptr. 3d 295, 171 P.3d 20 (2007).

1    indicate that Defendant received any claim from Plaintiff submitted

2    pursuant to the California Government Claims Act (Schell Dec., ¶ 5).

3

4         Defendant also contends that the claims against Defendant are

5    barred by the statute of limitations applicable to professional

6    negligence actions against health care providers set forth in

7    California Code of Civil Procedure section 340.5.[2]  Defendant finally

8    asserts that the Court should strike Claim Ten as allegedly

9    duplicative of Claim Nine, pursuant to Rule 12(f) of the Federal Rules

10   of Civil Procedure.[3]

11

12        Plaintiff contends that he did comply with the claims

13   presentation requirements of the California Government Claims Act, and

14   has submitted exhibits in support of that contention.  Plaintiff also

15   contends that the Complaint asserts a federal civil rights claim

16   against Defendant, and that the California Government Claims Act does

17   ────────────────────

18        [2]    California Code of Civil Procedure section 340.5
     provides in pertinent part:
19
20        "In an action for injury or death against a health care
          provider based upon such person's alleged professional
21        negligence, the time for the commencement of action
          shall be three years after the date of injury or one
22        year after the plaintiff discovers, or through the use
          of reasonable diligence should have discovered, the
23        injury, whichever occurs first. In no event shall the
          time for commencement of legal action exceed three
24        years unless tolled for any of the following: (1) upon
          proof of fraud, (2) intentional concealment, or (3) the
25        presence of a foreign body, which has no therapeutic or
          diagnostic purpose or effect, in the person of the
26        injured person."
27
          [3]    Defendant's Notice of Motion does not mention Rule
28   12(f) or a motion to strike.

1  not apply to any such claim.[4]  Plaintiff further argues that the

2  claims against Defendant are timely because the two-year limitations

3  provision of California Code of Civil Procedure section 335.1

4  allegedly applies,[5] and contends that proper application of accrual

5  and filing principles allegedly render the claims against Defendant

6  timely.  Plaintiff also alleges an entitlement to equitable tolling.

7

8                              **DISCUSSION**

9

10  **I.   Governing Legal Standards**

11

12       "To survive a motion to dismiss for failure to state a claim

13  under Rule 12(b)(6), a complaint generally must satisfy only the

14  minimal notice pleading requirements of [Federal] Rule [of Civil

15  Procedure] 8(a)(2)."  <u>Porter v. Jones</u>, 319 F.3d 483, 494 (9th Cir.

16  2003).  "Federal Rule of Civil Procedure 8(a)(2) requires only a

17  'short and plain statement of the claim showing that the pleader is

18  entitled to relief.'"  <u>Erickson v. Pardus</u>, 127 S. Ct. 2197, 2200

19  (2007).  "In addition, when ruling on a defendant's motion to dismiss,

20  _____

21       [4]     The Court does not construe the Complaint to allege any
    federal civil rights claim against Defendant, however.  Claims
22  Nine and Ten, the only claims alleged against Defendant, purport
    to allege only claims of "professional negligence."  Plaintiff
23  asserts only one federal civil rights claim, for an alleged
    Eighth Amendment violation, and Plaintiff alleges that claim only
24  against Defendant Sailor (<u>see</u> Complaint, p. 10).  The remainder
    of Plaintiff's claims are expressly alleged as state law claims.
25

26       [5]     California Code of Civil Procedure section 335.1
    provides a two-year statute of limitations for:  "An action for
27  assault, battery, or injury to, or for the death of, an
    individual caused by the wrongful act or neglect of another."
28

                                    6

1  a judge must accept as true all of the factual allegations contained
2  in the complaint." Id. (citations omitted). "Generally a court may
3  not consider material beyond the complaint in ruling on a Fed.R.Civ.P.
4  12(b)(6) motion." Intri-Plex Technologies, Inc. v. Crest Group, Inc.,
5  499 F.3d 1048, 1052 (9th Cir. 2007) (citation and footnote omitted).[6]
6  "A document filed pro se is to be liberally construed [citation], and
7  a pro se complaint, however inartly pleaded, must be held to less
8  stringent standards than formal pleadings drafted by lawyers."
9  Erickson v. Pardus, 127 S. Ct. at 2200 (citations omitted).
10
11     Judgment on the pleadings is proper if the moving party
12  "clearly establishes on the face of the pleadings that no material
13  issue of fact remains to be resolved and that [the moving party] is
14  entitled to judgment as a matter of law." Hal Roach Studios v.
15  Richard Feiner and Co., Inc., 896 F.2d 1542, 1550 (9th Cir. 1989).
16  Where, as here, the motion for judgment on the pleadings is used to
17  raise the defense of failure to state a claim, the motion is governed
18  by the standards used to assess the sufficiency of the complaint under
19  Rule 12(b)(6) of the Federal Rules of Civil Procedure. McGlinchy v.
20  Shell Chemical Co., 845 F.2d 802, 810 (9th Cir. 1988); Ludahl v.
21  Seaview Boat Yard, 869 F. Supp. 825, 826 (W.D. Wash. 1994); see also
22  Enron Oil Trading & Transp. Co. v. Walbrook Ins. Co., 132 F.3d 526,
23  528 (9th Cir. 1997) ("A judgment on the pleadings is properly granted
24  when, taking all allegations in the pleading as true, the moving party
25  _____
26     [6]  A court may consider matters properly the subject of
    judicial notice, see Intri-Plex Technologies, Inc. v. Crest
27  Group, Inc., 499 F.3d at 1052, and exhibits attached to the
    complaint, see Hal Roach Studios v. Richard Feiner & Co., Inc.,
28  896 F.2d 1542, 1555 n.19 (9th Cir. 1989).

7

1   is entitled to judgment as a matter of law.") (citation and internal

2   quotations omitted).  As a general rule, the court may not consider

3   material beyond the pleadings without converting the motion to a

4   motion for summary judgment.  See Fed. R. Civ. P. 12(c); Heliotrope

5   General, Inc. v. Ford Motor Co., 189 F.3d 971, 979-80 (9th Cir. 1999);

6   Qwest Communications Corp. v. City of Berkeley, 208 F.R.D. 288, 291

7   (N.D. Cal. 2002).

8

9       Defendant's Motion is not styled a motion for summary judgment,

10  and the Court declines to convert the Motion into a motion for summary

11  judgment.  Therefore, the Court will apply the standards applicable to

12  motions to dismiss and motions for judgment on the pleadings, set

13  forth above, and will not consider the purported evidence submitted by

14  the parties.  However, the Court may consider the allegations

15  contained in Plaintiff's Opposition in deciding whether to grant leave

16  to amend.  See Broam v. Brogan, 320 F.3d 1023, 1026 n.2 (9th Cir.

17  2003).

18

19  II.  **Plaintiff Has Failed to Allege Compliance with California's**

20       **Government Claims Act.**

21

22       Under California law, in order to allege a state tort claim

23  against a public entity or public employee, a plaintiff must allege

24  compliance with the presentment of claims requirements of the

25  California Government Claims Act.  See Cal. Gov't Code §§ 945.4,

26  950.2; Karim-Panahi v. Los Angeles Police Dep't, 839 F.2d 621, 627

27  (9th Cir. 1988).  "Before a civil action may be brought against a

28  public entity, a claim must first be presented to the public entity

and rejected." <u>Ocean Servs. Corp. v. Ventura Port Dist.</u>, 15 Cal. App.
4th 1762, 1775, 19 Cal. Rptr. 2d 750 (1993); Cal. Gov't Code § 945.4;
<u>see also</u> <u>Brown v. Yates</u>, 2008 WL 928119, at *3 (E.D. Cal. Apr. 4,
2008), <u>adopted</u>, 2008 WL 2915085 (E.D. Cal. July 25, 2008)
("Presentation of a written claim and action on, or rejection of, the
claim are conditions to suit.") (citations omitted).  Claims for
personal injury and property damage must be presented within six
months after accrual.  <u>See</u> Cal. Gov't Code § 911.2(a); <u>City of</u>
<u>Stockton v. Superior Court</u>, 42 Cal. 4th 730, 738, 68 Cal. Rptr. 3d
295, 171 P.3d 20 (2007).  "[F]ailure to timely present a claim for
money or damages to a public entity bars a plaintiff from filing a
lawsuit against that entity."  <u>City of Stockton v. Superior Court</u>,
42 Cal. 4th at 738 (citation and internal quotations omitted).

Timely claims presentation is an "element of the plaintiff's
cause of action."  <u>Shirk v. Vista Unif. Sch. Dist.</u>, 42 Cal. 4th 201,
209, 64 Cal. Rptr. 3d 210, 164 P.3d 630 (2007) (citation omitted).  A
plaintiff "must allege facts demonstrating or excusing compliance with
the claim presentation requirement."  <u>State v. Superior Court (Bodde)</u>,
32 Cal. 4th 1234, 1243, 13 Cal. Rptr. 3d 534, 90 P.3d 116 (2004).
California courts "employ a test of substantial compliance rather than
strict compliance in evaluating whether a plaintiff has met the
demands of the claims statutes."  <u>Life v. County of Los Angeles</u>, 227
Cal. App. 3d 894, 899, 278 Cal. Rptr. 196 (1991).

The claims presentation requirements of the California Government
Claims Act are not jurisdictional.  <u>See</u> <u>State v. Superior Court</u>
<u>(Bodde)</u>, 32 Cal. 4th 1234, 1239 n.7, 13 Cal. Rptr. 3d 534, 90 P.3d 116

1  (2004) (noting that California Supreme Court has "long held" that

2  failure to comply with the claims presentation requirement does not

3  divest court of jurisdiction over claim against a public entity,

4  citing County of Santa Clara v. Superior Court, 4 Cal. 3d 545, 550-51

5  94 Cal. Rptr. 158, 483 P.2d 774 (1971)).  Therefore, to the extent

6  Defendant seeks dismissal of the claims against it on the ground that

7  the Court lacks subject matter jurisdiction over those claims,

8  Defendant's Motion lacks merit.[7]

9

10     In Martell v. Antelope Valley Hospital Medical Center, 67 Cal.

11 App. 4th 978, 79 Cal. Rptr. 2d 329 (1998), the California Court of

12 Appeal stated that Defendant is "a district hospital covered by the

13 California Tort Claims Act."  Id. at 980 (citation omitted).  The

14 Complaint does not allege that Plaintiff complied with the claims

15 presentation requirements of the California Government Claims Act with

16 respect to his claims against Defendant.  Therefore, the claims

17 against Defendant must be dismissed.  However, because it appears from

18 Plaintiff's Opposition that Plaintiff may be able to allege facts

19 showing compliance with the claims presentation requirements of the

20 California Government Claims Act, the Court will grant leave to amend.

21 See Broam v. Brogan, 320 F.3d at 1026 n.2.[8]

22 ///

23

24     [7]    Defendant does not challenge the Court's jurisdiction

25 over the claims against it on any other ground.  See generally 28
   U.S.C. § 1367.

26
   [8]    The Court expresses no opinion regarding whether
27 Plaintiff will be able to allege, or prove, compliance with the
   claims presentation requirements of the California Government
28 Claims Act.

1  III. **Defendant's Statute of Limitations Argument Lacks Merit.**

2

3       Under the California Government Claims Act, an action against a
4  public entity for which a claim is required to be presented must be
5  commenced not later than six months after notice of rejection of the
6  claim is personally delivered or deposited in the mail, or, if no such
7  notice was provided, within two years after accrual.  Cal. Gov't Code
8  § 945.6(a).  "Suits against a public entity are governed by the
9  specific statutes of limitations provided in the Government Code,
10 rather than the statute of limitations which applies to private
11 defendants."  Martell v. Antelope Valley Hospital Medical Center,
12 67 Cal. App. 4th at 981 (citation and internal quotations omitted).
13 Therefore, in a medical malpractice lawsuit against a public entity,
14 the six-month statute of limitations contained in California
15 Government Code section 945.6(a) applies, rather than other general
16 statutes of limitations, including the statute of limitations for
17 negligence actions against health care providers contained in
18 California Code of Civil Procedure section 340.5.  See Martell v.
19 Antelope Valley Hospital Medical Center, 67 Cal. App. 4th at 981-85;
20 Anson v. County of Merced, 202 Cal. App. 3d 1195, 1202, 249 Cal. Rptr.
21 457 (1988).  Consequently, Defendant's argument that California Code
22 of Civil Procedure section 340.5 bars Plaintiff's claims against
23 Defendant lacks merit.[9]

24 ///

25
   _____

26      [9]    In light of this conclusion, the Court need not, and
   does not, consider Plaintiff's various arguments that his claims
27 against Defendant are timely, including arguments regarding the
   date of accrual, the date the Complaint should be deemed to have
28 been filed, and equitable tolling principles.

1    Section 945.6(a) of the California Government Code conceivably
2    might bar Plaintiff's claims, but Defendant does not so argue.
3    Moreover, the Court is granting Plaintiff leave to amend to attempt
4    to allege compliance with the claims presentation requirements of the
5    California Government Claims Act.  Therefore, the Court need not, and
6    does not reach the issue of whether Plaintiff can allege or prove that
7    the claims against Defendant are timely under section 945.6(a) of the
8    California Government Code.

9

10   **IV.   <u>Defendant's Motion to Strike Claim Ten Lacks Merit.</u>**

11

12    Defendant contends that Claim Ten is duplicative of Claim Nine
13   and subject to a motion to strike under Rule 12(f) of the Federal
14   Rules of Civil Procedure.  As noted above, Defendant's Notice of
15   Motion does not state that Defendant makes any Motion to Strike.
16   Moreover, although both Claims Nine and Ten allege negligence, they do
17   not appear to be necessarily redundant.  Claim Nine alleges Defendant
18   is liable because of the asserted negligence of a nurse employee,
19   while Claim Ten alleges that Defendant is liable because of the
20   alleged failure of unidentified medical personnel to obtain
21   Plaintiff's informed consent.  In any event, "[m]otions to strike are
22   viewed with disfavor, and will usually be denied unless the
23   allegations in the pleading have no possible relation to the
24   controversy, and may cause prejudice to one of the parties."
25   <u>Corrections USA v. Dawe</u>, 504 F. Supp. 2d 924, 938 (E.D. Cal. 2007).
26   "Mere redundancy is insufficient to support a motion to strike; the
27   movant must demonstrate that prejudice would result if the offending
28   material remained in the pleadings."  <u>Ross-Simons of Warwick, Inc. v.</u>

1   <u>Baccarat, Inc.</u>, 182 F.R.D. 386, 398 (D.R.I. 1998) (citations omitted);

2   <u>see also</u> <u>Saye v. Old Hill Partners, Inc.</u>, 478 F. Supp. 2d 248, 278 (D.

3   Conn. 2007).   Defendant has not shown that the allegations in Claim

4   Ten are unrelated to the controversy, and has not shown that any

5   prejudice would occur if those allegations remain in the Complaint.

6   For these reasons, Defendant's Motion to Strike Claim Ten lacks merit.

7

8                                    **ORDER**

9

10      Defendant's Motion is granted in part and denied in part.   The

11  Complaint is dismissed with leave to amend.   If Plaintiff still wishes

12  to pursue this action, he is granted thirty (30) days from the date of

13  this Memorandum and Order within which to file a First Amended

14  Complaint.   The First Amended Complaint shall be complete in itself.

15  It shall not refer in any manner to any prior complaint.   The First

16  Amended Complaint should not attempt to add additional parties without

17  leave of Court.   <u>See</u> Fed. R. Civ. P. 21.   Failure to file timely a

18  ///

19  ///

20  ///

21  ///

22  ///

23  ///

24  ///

25  ///

26  ///

27  ///

28  ///

1   First Amended Complaint may result in the dismissal of this action.

2   Defendant's Motion is otherwise denied.

3

4       IT IS SO ORDERED.

5

6       DATED: 8-17-09 _____, 2009.

7

8

9       _____

10                  DEAN D. PREGERSON
                 UNITED STATES DISTRICT JUDGE

11

12

13  Presented this 8th day of

14  January, 2009, by

15

16  _____
            CHARLES F. EICK
17  UNITED STATES MAGISTRATE JUDGE

18

19

20

21

22

23

24

25

26

27

28