1
2
3
4
5
6
7

O

8
9
10

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

11   KAVIN MAURICE RHODES,           )   Case No. CV 08-6419-DDP (DTB)
                                      )
12                    Plaintiff,      )
                                      )
13              vs.                   )   ORDER GRANTING MOTIONS TO
                                      )   DISMISS
     R. SAILOR, et al.,               )
14                                    )
                      Defendants.     )
15                                    )
                                      )
16   ————————————————————             )

17        Pursuant to 28 U.S.C. § 636, the Court has reviewed the Complaint, all the

18   relevant records and files, and the Report and Recommendation of the United States

19   Magistrate Judge.  Objections to the Report and Recommendation have been filed.

20   Having made a de novo determination of those portions of the Report and

21   Recommendation to which objections have been made, the Court concurs with the

22   majority of the Magistrate Judge's findings, conclusions, and recommendations.

23   Accordingly, the Court adopts the following order, which is drawn largely from the

24   Report and Recommendation.

25                                **PROCEEDINGS**

26        Plaintiff, a California state prisoner, filed a pro se civil rights Complaint,

27   pursuant to 42 U.S.C. § 1983 on October 1, 2008, after being granted leave to proceed

28   in forma pauperis.  The Complaint originally named nine defendants, including: Three

                                           1

1    current or former members of the prison staff at California State Prison, Los Angeles

2    County ("CSP-LAC"); Antelope Valley Hospital ("AVH"); three members of the staff

3    at AVH; and two John Doe defendants.  The gravamen of plaintiff's claims was that

4    officials at AVH and CSP-LAC failed to provide plaintiff with adequate care for an

5    injury he sustained to his hand.

6         On November 18, 2008, defendant AVH filed a Motion to Dismiss and/or for

7    Judgment on the Pleadings on the grounds that the Court lacked jurisdiction over

8    plaintiff's state law tort claims against it, as plaintiff had failed to comply with the

9    claims presentation requirement of California's Government Claims Act, Cal. Gov't

10   Code § 900 et. seq. In addition, AVH asserted that plaintiff's claims were barred by

11   the statute of limitations applicable to professional negligence actions against health

12   care providers set forth in Cal. Code Civ. Proc. § 340.5.  Finally, AVH argued that the

13   Court should strike Claim Ten of the Complaint as duplicative of Claim Nine.

14   Plaintiff filed an Opposition to the Motion to Dismiss on December 8, 2008, and

15   defendant AVH filed a Reply on December 10, 2008.  The matter was transferred to

16   this Court's calendar on July 1, 2009.

17        On December 22, 2008, defendant Lynn filed an Answer to the Complaint.

18   Plaintiff filed an Opposition to defendant Lynn's Answer on January 22, 2009, which

19   the Court construed as his Reply.

20        On May 12, 2009, defendants Priest and Sailor filed an Answer to the

21   Complaint.  Plaintiff filed a Reply thereto on May 22, 2009.

22        In an Order issued August 17, 2009, the District Court granted in part and

23   denied in part defendant AVH's Motion to Dismiss and/or for Judgment on the

24   Pleadings. The District Court found that plaintiff had failed to allege compliance with

25   the Government Claims Act because plaintiff had not alleged that he had complied

26   with the claims presentation requirement of the Government Claims Act as to

27   defendant AVH.  Because it appeared that plaintiff might be able to allege facts

28   showing his compliance with the claims presentation requirement of the Government

1  Claims Act, the District Court granted plaintiff leave to amend.  The District Court
2  found that defendant AVH's statute of limitations argument lacked merit, however,
3  because plaintiff's claims against defendant AVH were governed by the statute of
4  limitations contained in the California Government Code, not the Code of Civil
5  Procedure.  Finally, the District Court found that defendant AVH's motion to strike
6  Claim Ten of the Complaint lacked merit.

7       On September 4, 2009, plaintiff filed a First Amended Complaint ("FAC"),
8  along with a number of exhibits thereto ("FAC Exh.").  On September 14, 2009, AVH
9  filed a Motion to Dismiss the FAC and/or for Judgment on the Pleadings and Motion
10 to Strike, along with a supporting Memorandum of Points and Authorities ("AVH
11 Motion"), on the grounds that: (1) Plaintiff admits that he has not made any attempt
12 to comply with the Government Claims Act as to AVH; (2) plaintiff's Eighth
13 Amendment claim is barred by the applicable statute of limitations; and (3) inadequate
14 medical care/medical malpractice cannot be the basis of an Eighth Amendment claim.
15 Attached to the AVH Motion was a declaration of Stacy K. Brigham, an attorney for
16 defendant AVH.  After one extension of time, plaintiff filed a Reply to the AVH
17 Motion on October 19, 2009 ("AVH Mot. Reply").  Plaintiff resubmitted his Reply
18 on December 4, 2009, along with an Addendum to the Reply ("Addendum").  The
19 Addendum consisted of an Appendix ("Add. Appx. A") containing numerous
20 documents, including a copy of plaintiff's claim to the California Board of Control,
21 and a letter dated August 24, 2006, from defendant Lynn to plaintiff.  Plaintiff's
22 Addendum was resubmitted on January 25, 2010.

23      On September 15, 2009, defendant Lynn filed a Motion to Dismiss the FAC
24 and/or for Judgment on the Pleadings, along with a supporting Memorandum of Points
25 and Authorities ("Lynn Motion"), on the grounds that: (1) Plaintiff was not at liberty
26 to amend the Complaint with respect to defendant Lynn because he had filed an
27 Answer to the Complaint; (2) plaintiff had failed to state a cause of action for violation
28 of the Eighth Amendment; (3) plaintiff had failed to state a cause of action for

violation of Cal. Gov't Code § 845.6; (4) plaintiff's complaint was barred by the applicable statute of limitations; and (5) plaintiff's medical negligence claim must be severed and remanded to state court for lack of subject matter jurisdiction.  Attached to the Lynn Motion was a Request for Judicial Notice.  After one extension of time, on November 2, 2009, plaintiff filed a document captioned "Plaintiff's Reply to the Courts [sic] Belated Forwarding of a Copy of Defendant John Lynn's Second Motion to Dismiss."  ("Lynn Mot. Reply")  In this filing, plaintiff asserted that he did not receive a copy of the Lynn Motion until October 27, 2009, past the date by which he was required to file an Opposition thereto.  Plaintiff stated in his filing, however, that his Opposition to the AVH Motion "more than sufficiently covers defendant Lynn's frivolous claim to dismissal."  (Lynn Mot. Reply at 3.)

On November 24, 2009, defendants R. Sailor and D. Priest filed an Answer to the FAC.  Plaintiff filed a Reply thereto on December 23, 2009.

Thus, this matter is now ready for decision.  For the reasons discussed below, both the AVH Motion and Lynn Motion are granted.

## SUMMARY OF PLAINTIFF'S ALLEGATIONS AND CLAIMS

Plaintiff alleges that, on August 20, 2006, prison officials transported him to defendant AVH for treatment of an injury to his right hand.  (FAC at 6.)  Once at AVH, x-rays allegedly were taken of plaintiff's hand.  (FAC at 6.)  Either defendant Lynn, a doctor at AVH, or defendant Gregory, also a doctor at AVH, allegedly told plaintiff that his hand sustained sprains to his wrist and fourth finger.  (FAC at 6-7.) Defendant Hansen, a nurse at AVH, as well as unnamed doctors, allegedly applied a cast that completely covered plaintiff's right hand, including his fourth and fifth fingers.  (FAC at 7.)  As plaintiff was leaving the hospital, he allegedly heard either Lynn or Gregory tell defendant Priest, a sergeant at CSP-LAC, that plaintiff should receive follow-up care at CSP-LAC.  (FAC at 7.)  Plaintiff alleges he never received this follow-up care.  (FAC at 7.)

1  Plaintiff further alleges that on August 24, 2006, he received a letter from Lynn
2  stating that the Radiology Department at AVH had noted a "discrepancy" and that his
3  x-ray showed a "possible faint fracture" of the fifth finger of his right hand. (FAC at
4  7.) Plaintiff allegedly showed the letter to defendant Sailor, a "Medical Technical
5  Assistant" at CSP-LAC, who allegedly began to shout at plaintiff, accusing plaintiff
6  of "whining," and stating that he had suffered a similar injury. (FAC at 8.) Plaintiff
7  allegedly filed an administrative appeal to which he received no response, and
8  allegedly sought help from other prison officials without success. (FAC at 8.)

9  Defendant Hendricks, an orthopedic surgeon at CSP-LAC, allegedly examined
10 plaintiff and removed his cast on October 26, 2006. (FAC at 9.) When the cast was
11 removed, plaintiff allegedly discovered that his fifth finger had been broken and had
12 healed incorrectly, resulting in a "severely deformed" hand. (FAC at 9-10.) Plaintiff
13 asserts that the alleged deformity makes it difficult for him to write. (FAC at 10.)
14 Defendant Hendricks allegedly scheduled plaintiff for corrective surgery, but plaintiff
15 asserts that he declined the surgery, purportedly because the surgery would have
16 interfered with his ability to meet court deadlines. (FAC at 10.) On February 9, 2007,
17 prison doctors allegedly told plaintiff that the corrective surgery was elective because
18 it could be performed at any time. (FAC at 10-11.)

19 Plaintiff purports to allege twelve separate Causes of Action in the FAC under
20 state and federal law. Specifically:

21 1.  Defendant Sailor's conduct, as described in the FAC, constituted
22 deliberate indifference to plaintiff's serious medical needs, in violation of his Eighth
23 Amendment rights. (FAC at 13.)

24 2.  Defendant Lynn's, and thus defendant AVH's, failure to notify prison
25 officials that plaintiff needed further emergency medical treatment after the discovery
26 of the misdiagnosis of the injuries to plaintiff's hand constituted deliberate
27 indifference to his serious medical needs, in violation of his Eighth Amendment
28 rights. (FAC at 13-14.)

3.     Defendant Lynn's, and thus defendant AVH's, failure to notify prison officials that plaintiff was in need of further emergency medical treatment violated Cal. Gov't Code § 845.6.  (FAC at 14.)

4.     Defendant Sailor's failure to summon medical care for plaintiff once the need was brought to his attention violated Cal. Gov't Code § 845.6.  (FAC at 14-15.)

5.     Defendant Priest's failure to alert the proper medical officials at CSP-LAC upon returning plaintiff to custody that plaintiff was in need of follow-up medical care, as instructed by doctors at AVH, violated Cal. Gov't Code § 845.6.  (FAC at 15.)

6.     Defendant Hendricks' failure to consult plaintiff's medical file upon plaintiff's return to custody and discover that doctors at AVH had ordered follow-up medical treatment, and to act accordingly, violated Cal. Gov't Code § 845.6.  (FAC at 15.)

7.     Defendant Lynn's failure to properly read plaintiff's x-rays, and thereafter allow a cast to be placed on plaintiff's hand over a bone that had not yet been detected as broken constituted professional negligence.  (FAC at 15-16.)

8.     Defendant Gregory's failure to properly read plaintiff's x-rays, and thereafter allow a cast to be placed on plaintiff's hand over a bone that had not yet been detected as broken constituted professional negligence.  (FAC at 16.)

9.     Defendant John Doe's failure to properly read plaintiff's x-rays, and thereafter allow a cast to be placed on plaintiff's hand over a bone that had not yet been detected as broken constituted professional negligence.  (FAC at 16-17.)

10.     Defendant Hansen's placement of a cast on plaintiff's hand over a bone that had not yet been detected as broken constituted professional negligence.  (FAC at 17.)

11.     Defendant AVH's act of providing defendant Hansen to perform medical care on plaintiff, as defendant AVH was under contract with the State of California to provide medical services to indigent prisoners, constituted professional negligence.

6

1   (FAC at 17-18.)

2        12.   Defendant AVH's failure to ensure that plaintiff gave his informed

3   consent to receive any treatment upon defendant AVH's property constituted

4   professional negligence.  (FAC at 18.)

5

6                          **STANDARDS OF REVIEW**

7        A complaint may be dismissed as a matter of law for failure to state a claim for

8   two reasons:  (1) Lack of a cognizable legal theory; or (2) insufficient facts under a

9   cognizable legal theory.  <u>Balistreri v. Pacifica Police Dep't</u>, 901 F.2d 696, 699 (9th

10  Cir. 1990).  Since plaintiff is appearing <u>pro se</u>, the Court must construe the allegations

11  of the Complaint liberally and must afford plaintiff the benefit of any doubt.  <u>Karim-</u>

12  <u>Panahi v. Los Angeles Police Dep't</u>, 839 F.2d 621, 623 (9th Cir. 1988).  Moreover,

13  in determining whether a complaint states a claim on which relief may be granted, its

14  allegations of material fact must be taken as true and construed in the light most

15  favorable to plaintiff.  <u>Love v. United States</u>, 915 F.2d 1242, 1245 (9th Cir. 1989).

16  However, "[t]he tenet that a court must accept as true all of the allegations contained

17  in a complaint is inapplicable to legal conclusions."  <u>Ashcroft v. Iqbal</u>, - U.S. -, 129

18  S. Ct. 1937, 1949, 173 L. Ed. 2d 868 (2009).  Further, with respect to plaintiff's

19  pleading burden, the Supreme Court has noted that: "[A] plaintiff's obligation to

20  provide the 'grounds' of his 'entitlement to relief' requires more than labels and

21  conclusions, and a formulaic recitation of the elements of a cause of action will not

22  do.  Factual allegations must be enough to raise a right to relief above the speculative

23  level, on the assumption that all the allegations in the complaint are true (even if

24  doubtful in fact)."  <u>Bell Atlantic Corp. v. Twombly</u>, 550 U.S. 544, 555, 127 S. Ct.

25  1955, 167 L. Ed. 2d 929 (2007) (citations omitted).

26        "After the pleadings are closed – but early enough not to delay trial – a party

27  may move for judgment on the pleadings."  Fed. R. Civ. P. 12(c).  "Judgment on the

28  pleadings is proper when there are no issues of material fact, and the moving party is

                                         7

1    entitled to judgment as a matter of law." <u>General Conference Corp. of Seventh-Day</u>

2    <u>Adventists v. Seventh-Day Adventist Congregational Church</u>, 887 F.2d 228, 230 (9th

3    Cir. 1989).  Where, as here, Rule 12(c) is used to raise the defense of failure state a

4    claim, the standard to be applied is the same as that applied on a motion to dismiss

5    pursuant to Rule 12(b)(6).  <u>McGlinchy v. Shell Chemical Co.</u>, 845 F.2d 802, 810 (9th

6    Cir. 1988).  Thus, "[f]or purposes of the motion, the allegations of the non-moving

7    party must be accepted as true, while the allegations of the moving party which have

8    been denied are assumed to be false." <u>Hal Roach Studios, Inc. v. Richard Feiner and</u>

9    <u>Co., Inc.</u>, 896 F.2d 1542, 1550 (9th Cir. 1990).  Further, because plaintiff is appearing

10   pro se, the Court must construe the allegations of the FAC liberally and must afford

11   plaintiff the benefit of any doubt.  <u>Karim-Panahi</u>, 839 F.2d at 623.

12

13                 **DEFENDANT LYNN'S REQUEST FOR JUDICIAL NOTICE**

14          Pursuant to Fed.R.Civ.P. 201(b), the Court may take judicial notice of a fact

15   only if it is: "[N]ot subject to reasonable dispute in that it is either (1) generally known

16   within the territorial jurisdiction of the trial court or (2) capable of accurate and ready

17   determination by resort to sources whose accuracy cannot reasonably be questioned."

18   Judicial notice also may be taken of court records.  <u>See</u>, <u>e.g.</u>, <u>Schweitzer v. Scott</u>, 469

19   F. Supp. 1017, 1020 (C.D. Cal. 1979) (court may take judicial notice of court files and

20   records) (citing Fed. R. Evid. 201); <u>Tekle v. United States</u>, 2002 WL 19878178, at *3

21   (C.D. Cal. 2002) (court may take judicial notice of prior complaint with exhibits)

22   (citing Fed. R. Evid. 201(b)), <u>aff'd</u>, 58 F. App'x 768 (9th Cir. 2003).

23          Here, defendant Lynn has requested that the Court take judicial notice of the

24   following filings made in this action: (1) The Complaint; (2) defendant Lynn's

25   Answer to the Complaint; (3) the District Court's Order re Defendant Antelope Valley

26   Hospital; and (4) the FAC.  To the extent that defendant Lynn is requesting that the

27   Court take judicial notice of the date of those filings, the request is granted.  To the

28   extent defendant Lynn is requesting that the Courtt take judicial notice of the fact that

8

certain arguments or allegations were made in those filings, the request is granted. However, to the extent defendant Lynn is requesting that the Court take judicial notice of the truth of those arguments or allegations, or the authenticity of any documents, that request is denied.

## DISCUSSION

I.    **Defendants Gregory, Hansen, and Hendricks should be dismissed from this action without prejudice.**

Initially, the Court addresses the service issues relating to defendants Gregory, Hansen, and Hendricks.  Pursuant to Fed. R. Civ. P. 4(m), plaintiff was required to serve the summons and complaint on each named defendant within 120 days after the filing of the Complaint.  In this matter, that 120-day period expired on January 29, 2009.

The United States Marshal's Service was able to serve all defendants except defendants Gregory, Hansen, and Hendricks.  With respect to defendant Gregory, AVH officials stated that defendant Gregory is "a contract person" and thus they were unable to accept service.  CSP-LAC officials did not accept service because defendant Gregory was not an employee of the prison.  With respect to defendant Hansen, AVH officials informed the United States Marshal that defendant Hansen was on extended leave from the hospital, and thus they were unable to accept service.  With respect to defendant Hendricks, CSP-LAC officials informed the United States Marshal that defendant Hendricks was not an employee of the prison.

Plaintiff did not effectuate service on defendants Gregory, Hansen, and Hendricks within the allotted time to do so, did not request additional time in which to attempt service on these defendants, and has not purported to show good cause for his failure to effectuate timely service of process on those defendants.  Plaintiff's pro se status does not excuse his failure to properly serve these defendants in a timely manner.  See, e.g., Hammad v. Tate Access Floors, Inc., 31 F. Supp. 2d 524, 528 (D.

1   Md. Jan. 6, 1999); <u>see also</u> <u>McNeil v. United States</u>, 508 U.S. 106, 113 S. Ct. 1980,

2   124 L. Ed. 2d 21 (1993) ("[W]e have never suggested that procedural rules in ordinary

3   civil litigation should be interpreted so as to excuse mistakes by those who proceed

4   without counsel." (Footnote omitted)).

5        In <u>Carey v. King</u>, 856 F.2d 1439, 1440 (9th Cir. 1988), the Ninth Circuit cited

6   the following factors as relevant to the Court's determination of whether to dismiss

7   an action for failure to prosecute: "(1) [T]he public's interest in expeditious resolution

8   of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to the

9   defendants; (4) the public policy favoring disposition of cases on their merits, and (5)

10  the availability of less drastic sanctions."  The Complaint in this matter was filed on

11  October 1, 2008, and the initial 120-day period for service expired on January 29,

12  2009.  Based on the information contained in the unexecuted Gregory and Hansen

13  summonses and the letter appended to the Hendricks summons, it appears that none

14  of these defendants will be able to be served due to defendant Hansen's extended

15  leave of absence from AVH, defendant Gregory's contract employment with AVH,

16  and the lack of a record of employment at CSP-LAC for defendants Gregory and

17  Hendricks.  Here, then, the first and second <u>Carey</u> factors clearly militate in favor of

18  dismissal of the unserved defendants.  With regard to the fifth factor, given the

19  inability of defendants Gregory, Hansen, and Hendricks to be served, the Court finds

20  there is no less drastic sanction than their dismissal.  Accordingly, while the Court

21  finds that the third and fourth <u>Carey</u> factors do not militate in favor of dismissal, the

22  Court has concluded that the other three factors in this instance outweigh the third and

23  fourth factors.

24       Defendants Gregory, Hansen, and Hendricks are therefore dismissed from this

25  action without prejudice.

26

27  **II.    The allegations of the FAC are insufficient to state a claim for violation of**

28  **plaintiff's Eighth Amendment rights against defendants AVH and Lynn.**

1          A.     Applicable legal authority

2          To state a claim against a particular defendant for violation of his civil rights

3    under 42 U.S.C. § 1983, plaintiff must allege that the defendant, acting under color

4    of state law, deprived plaintiff of a right guaranteed under the Constitution or a federal

5    statute.  See Karim-Panahi, 839 F.2d at 624.  "A person deprives another 'of a

6    constitutional right, within the meaning of section 1983, if he does an affirmative act,

7    participates in another's affirmative acts, or omits to perform an act which he is

8    legally required to do that causes the deprivation of which [the plaintiff complains].'"

9    Leer v. Murphy, 844 F.2d 628, 633 (9th Cir. 1988), quoting Johnson v. Duffy, 588

10   F.2d 740, 743 (9th Cir. 1978).

11         In order to establish an Eighth Amendment claim based on inadequate medical

12   care, plaintiff must show that the defendant was deliberately indifferent to his serious

13   medical needs.  Helling v. McKinney, 509 U.S. 25, 32, 113 S. Ct. 2475, 125 L. Ed.

14   2d 22 (1993); Estelle v. Gamble, 429 U.S. 97, 106, 97 S. Ct. 285, 50 L. Ed 2d. 251

15   (1976); McGuckin v. Smith, 974 F.2d 1050, 1059 (9th Cir. 1992), overruled on other

16   grounds, WMX Technologies v. Miller, 104 F.3d 1133 (9th Cir. 1997).  Deliberate

17   indifference to the serious medical needs of a prisoner constitutes the "unnecessary

18   and wanton infliction of pain" proscribed by the Eighth Amendment. McKinney, 509

19   U.S. at 32; Gamble, 429 U.S. at 104; McGuckin, 974 F.2d at 1059.

20         Deliberate indifference may be manifested by the intentional denial, delay or

21   interference with the plaintiff's medical care, or by the manner in which the medical

22   care was provided.  Gamble, 429 U.S. at 104-05; McGuckin, 974 F.2d at 1059.

23   However, the defendant must purposefully ignore or fail to respond to the plaintiff's

24   pain or medical needs.  McGuckin, 974 F.2d at 1060.  Thus, neither an inadvertent

25   failure to provide adequate medical care, nor mere negligence or medical malpractice,

26   nor a mere delay in medical care (without more), nor a difference of opinion over

27   proper medical treatment, is sufficient to constitute an Eighth Amendment violation.

28   Gamble, 429 U.S. at 105-06; Sanchez v. Vild, 891 F.2d 240, 242 (9th Cir. 1989);

11

1    Shapley v. Nevada Bd. of State Prison Commissioners, 766 F.2d 404, 407 (9th Cir.
2    1985).
3         B.    Analysis
4              1.    Defendant Lynn
5         Here, plaintiff purports to allege an Eighth Amendment claim based on the
6    alleged failure of defendant Lynn to notify CSP-LAC officials that plaintiff required
7    further medical treatment upon the discovery of the misdiagnosis of the injury to his
8    right hand, which constituted deliberate indifference to his serious medical need in
9    violation of the Eighth Amendment.   (FAC at 14.)   Even accepting plaintiff's
10   allegations set forth above as true, plaintiff has not alleged facts sufficient to
11   demonstrate that defendant Lynn acted with deliberate indifference.   Indeed,
12   plaintiff's own admissions belie his claim.   Plaintiff alleges that he heard defendant
13   Lynn tell defendant Priest, a CSP-LAC employee, that Lynn wanted plaintiff to
14   receive follow-up care at the prison. (FAC at 7.)   Additionally, plaintiff admits that
15   he received a letter from defendant Lynn on August 24, 2006, informing him of the
16   possible fracture to his right hand. (FAC at 7; FAC Exh. A.)   Various prison officials
17   allegedly told plaintiff that the prison medical staff had seen defendant Lynn's letter.
18   (FAC at 9.)   It is not at all clear to the Court that defendant Lynn had a duty himself
19   to notify prison staff of the misdiagnosis when he had already notified plaintiff.  Even
20   if such a duty did exist, plaintiff's allegations suggest at most that defendant Lynn was
21   negligent in not providing such notification.   The Eighth Amendment does not
22   mandate that a prisoner receive optimal medical care.   "[A] complaint that a physician
23   has been negligent in diagnosing or treating a medical condition does not state a valid
24   claim of medical mistreatment under the Eighth Amendment.   Medical malpractice
25   does not become a constitutional violation merely because the victim is a prisoner."
26   Gamble, 429 U.S. at 106; see also Anderson v. County of Kern, 45 F.3d 1310, 1316
27   (9th Cir. 1995); McGuckin, 974 F.2d at 1050; Broughton v. Cutter Laboratories, 622
28   F.2d 458, 460 (9th Cir. 1980).

1    Accordingly, the Court finds and concludes that plaintiff has not alleged facts
2    sufficient to demonstrate deliberate indifference of serious medical needs with respect
3    to his Eighth Amendment claim against defendant Lynn.  Further, based on plaintiff's
4    factual allegations, it appears to the Court that the defects of plaintiff's Eighth
5    Amendment claim against defendant Lynn are incapable of being cured by
6    amendment.  Plaintiff's Second Cause of Action with respect to defendant Lynn is
7    therefore  dismissed without leave to amend.  Noll v. Carlson, 809 F.2d 1446, 1448
8    (9th Cir. 1987) (pro se litigant must be given leave to amend his or her complaint
9    unless it is absolutely clear that the deficiencies cannot be cured by amendment.)
10
11          2.    Defendant AVH
12    Defendant AVH avers that "at all times relevant to this action, Antelope Valley
13   Health District, d.b.a. Antelope Valley Hospital was and is a Healthcare District."
14   (AVH Motion at 3.)  Although defendant AVH's status as a healthcare District is not
15   averred in a declaration or other sworn statement, plaintiff does not challenge
16   defendant AVH's status as a Healthcare District or the application of the Government
17   Claims Act to his claims against it.  The Supreme Court has held that a local
18   government entity such as the AVH[1] "may not be sued under § 1983 for an injury
19   inflicted solely by its employees or agents.  Instead, it is only when execution of a
20   government's policy or custom, whether made by its lawmakers or by those whose
21
22          [1]    The Court notes that the California Court of Appeal has previously
23   found, in Martell v. Antelope Valley Hosp. Med. Center, 67 Cal. App. 4th 978, 980,
24   79 Cal. Rptr. 2d 329 (Cal. Ct. App. 1998), that the defendant AVH is "a district
     hospital covered by the California Tort Claims Act."  See also Dias v. Eden Twp.
25   Hosp. Dist., 57 Cal. 2d 502, 503, 20 Cal. Rptr. 630 (1962) ("Sections 703 and 710 of
26   the Government Code provide, with certain exceptions not relevant here, that no suit
27   for money or damages may be brought against a 'local public entity' until a written
     claim has been presented.  A hospital district is a local public entity (Gov. Code, §
28   700)."  (Citation omitted.))

13

edicts or acts may fairly be said to represent official policy, inflicts the injury that the government as an entity is responsible under § 1983." <u>Monell v. New York City Dept. of Social Services</u>, 436 U.S. 658, 694, 98 S. Ct. 2018, 56 L. Ed. 2d 611 (1978). Thus, defendant AVH may not be held liable for the alleged actions of defendant Lynn, a doctor providing medical treatment at the hospital, unless "the action that is alleged to be unconstitutional implements or executes a policy statement, ordinance, regulation, or decision officially adopted or promulgated by that body's officers," or if the alleged constitutional deprivation was "visited pursuant to a governmental 'custom' even though such a custom has not received formal approval through the body's official decision-making channels." <u>Id</u>. at 690-91; <u>see also</u> <u>Redman v. County of San Diego</u>, 942 F.2d 1435, 1443-44 (9th Cir. 1991).

However, a <u>Monell</u> claim may not be pursued in the absence of an underlying constitutional deprivation or injury. <u>City of Los Angeles v. Heller</u>, 475 U.S. 796, 799, 106 S. Ct. 1571, 89 L. Ed. 2d 806 (1986); <u>Villegas v. Gilroy Garlic Festival Ass'n</u>, 541 F.3d 950, 957 (9th Cir. 2008) ("Because there is no constitutional violation, there can be no municipal liability."); <u>Fairley v. Luman</u>, 281 F.3d 913, 916 (9th Cir. 2002) ("Exoneration of [the officer] of the charge of excessive force precludes municipal liability for the alleged unconstitutional use of such force."); <u>Scott v. Henrich</u>, 39 F.3d 912, 916 (9th Cir. 1994). As the Court has found that the allegations of the FAC are insufficient to state a federal civil rights claim against defendant Lynn, it follows that the allegations of the FAC also are insufficient to state a claim against defendant AVH. It also follows from the Court's findings above that the pleading deficiencies as to defendant Lynn are incapable of being cured by amendment, that the pleading deficiency of plaintiff's claim against defendant AVH is also incapable of being cured by amendment. Plaintiff's Second Cause of Action with respect to defendant AVH must, therefore, be dismissed without leave to amend.

**III.      Plaintiff's state law claims against defendants AVH and Lynn also should**

14

1      **be dismissed.**[2]

2            In view of the Court's conclusion that plaintiff's sole federal claim against

3      defendants Lynn and AVH must be dismissed without leave to amend, the Court

4      declines to exercise  supplemental jurisdiction over any possible state law claims

5      plaintiff may be purporting to allege against defendants Lynn and AVH.  28 U.S.C.

6      § 1367(c)(3) (when a district court has dismissed all claims over which it has original

7      jurisdiction, the court has discretion to decline supplemental jurisdiction over

8      plaintiff's state law claims); see also Executive Software North America, Inc. v.

9      United States Dist. Court for Cent. Dist. of California, 24 F.3d 1545, 1555-56 (9th Cir.

10     1994); Schneider v. TRW, Inc., 938 F.2d 986, 993-94 (9th Cir. 1991).

11           Plaintiff's state law claims against defendants AVH and Lynn are therefore

12     dismissed without prejudice to Plaintiff raising such claims in state court.

13

14     **IV.  Conclusion**

15           For the reasons stated above,  defendants Gregory, Hansen, and Hendricks are

16     dismissed from this action without prejudice.  Plaintiff's Second Cause of Action is

17     dismissed without leave to amend.  Plaintiff's Third, Seventh, Eleventh, and Twelfth

18     Causes of Action are dismissed without prejudice.

19

20     DATED: August 31, 2011

21

22     _____

23     DEAN D. PREGERSON
        UNITED STATES DISTRICT JUDGE

24     _____

25           [2]      Based on the Court's declination of supplemental jurisdiction over any

26     state law claims plaintiff may be purporting to allege against defendants Lynn and

27     AVH, the Court does not reach Lynn's additional arguments.  The Court also does not

28     reach defendant AVH's argument that plaintiff's state law claims against it are barred
        for failure to comply with the California Government Claims Act.

16